STATE OF NORTH CAROLINA v. EDWARD RAY McMILLIAN

No. 7427SC111

(Filed 3 April 1974)

Criminal Law § 91— unavailability of witnesses — motion to continue — denial proper

Trial court did not err in denying defendant's motion for continuance in order that witnesses might be summoned, since the record

State v. McMillian

showed the motion was made when the case was called for trial but it did not disclose the names of the witnesses, what defendant proposed to prove by them or where the witnesses were.

APPEAL by defendant from *Martin (Robert M.), Judge*, 20 August 1973 Session of Superior Court held in CLEVELAND County.

By indictment proper in form defendant was charged with felonious escape from Subsidiary Unit #4635 of the N. C. Department of Corrections where he was serving sentences for felonious larceny, forgery, conspiracy to commit forgery and conspiracy to commit breaking and entering. He pleaded not guilty, a jury found him guilty as charged, and the court entered judgment imposing prison sentence of twelve months to begin at expiration of specified sentences then being served. Defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General William B. Ray and Assistant Attorney General William W. Melvin, for the State.*

*Joseph M. Wright for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the court to grant his motion for a continuance of the trial in order that witnesses for defendant might be summoned. The assignment has no merit. The record discloses that the motion for continuance was made when the case was called for trial; but the record fails to disclose the names of the witnesses, what defendant proposed to prove by them, or where the witnesses were. The motion was directed to the discretion of the trial judge, *State v. Shue*, 16 N.C. App. 696, 193 S.E. 2d 481 (1972), and his ruling thereon is not reviewable except for abuse of discretion. We perceive no abuse of discretion.

Defendant's other assignments of error relate to the failure of the court to allow his motions for dismissal interposed at the close of the State's evidence and renewed at the close of all of the evidence. The assignments have no merit. No useful purpose would be served in reviewing the evidence here; it suffices to say the evidence was sufficient to survive the motions for dismissal and to support the verdict of guilty of felonious escape.

No error.

Judges HEDRICK and CARSON concur.